56 CCPA

**The O. M. SCOTT & SONS COMPANY, Appellant,**

v.

**AGWAY, INC., Assignee, by Merger of Cooperative Grange League Federation Exchange, Inc., Appellee.**

**Patent Appeal No. 8036.**

United States Court of Customs and Patent Appeals.

Nov. 27, 1968.

Charles R. Allen, Jr., Washington, D. C., for appellant.

Conrad Christel, Christel & Bean, Buffalo, N.Y., for appellee.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND, and BALDWIN, Judges.

WORLEY, Chief Judge.

Agway seeks registration of "PRO-GREEN" for use on turf fertilizer and is opposed by Scott on prior use and registration of "PRO-N"[1] and "PRO GRO"[2] also used on fertilizers.[3]

We are controlled in part by a stipulation between the parties advising that "PRO GRO" and "PRO-N" are advertised in national trade publications and pamphlets and "sold to homeowners and other consumers in drug stores, garden supply stores, lumber yards, hardware stores, department stores, and other general retail merchandise outlets."[4]

In dismissing the opposition the Trademark Trial and Appeal Board stated:

In this regard, the term "Pro", common to the marks, is a recognized abbreviation of the word "professional", and, as such, it possesses an obvious laudatory connotation as applied to fertilizers. In view thereof, and considering the differences between the marks when considered in the entireties, it is our opinion that their contemporaneous use is not likely to cause confusion or mistake or deceive.

With due respect to the board's position we are unable to agree with either the reasoning or result it reaches.

First, we do not think the average fertilizer purchaser would necessarily think that "Pro" is a recognized abbreviation of the word "professional," any more than he would think "Pro" is a recognized synonym of the word "for." Even so, we fail to see how it possesses "an obvious laudatory connotation as applied to fertilizers" any more than the word "amateur" would necessarily suggest an opposite meaning. On the contrary, we think that the average purchaser, on viewing the competing marks applied to identical goods in the market place, would not be inclined to dissect them in the manner suggested by the board, but would view them in their entireties and assume the goods emanate from a common source.

The decision is reversed.

Reversed.

Judge SMITH participated in the hearing of this case but died before a decision was reached.

---

1. Registration No. 663,649, issued July 1, 1958.

2. Registration No. 664,903, issued July 29, 1958.

3. "Pro Turf," another mark registered by Scott for a fertilizer with weed killer, was properly disregarded by the board since its use and registration were subsequent in time to the Agway use.

4. The record is silent regarding Agway's advertising and trade channels.